Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Joseph M. Ortuno
Nevada State Bar No. 11233
jortuno@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Karen Williams

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREN WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSAL HEALTH SERVICES, INC.;<br>UHS OF DELAWARE, INC.; DOES I-X; and<br>ROE CORPORATIONS XI-XX,<br><br>    Defendants. | **Case No.:** 2:19-cv-01694<br><br>**COMPLAINT**<br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Karen Williams, and files this civil action against Defendants, and each of them, for violations of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, et seq.), NRS §613.330, et seq., NRS §608.019, et seq., and other related claims under federal and state laws, seeking damages, and alleges as follows:

//
//
//
//
//
//
//
//

**COMPLAINT**

-1-

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to the Americans with Disabilities Act (42 U.S.C. §12101 et seq.), 28 U.S.C. §1331 and §1343, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution.

2. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. Plaintiff has exhausted administrative remedies.

4. A charge of employment discrimination was filed with the Nevada Equal Rights Commission (hereinafter, "NERC") within 300 days of plaintiff of Defendant's unlawful employment practices alleged herein;

5. A Notice of Right to Sue in Federal Court was received from the EEOC, date August 23, 2019. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

**PLAINTIFF**

8. At all times relevant hereto, Plaintiff KAREN WILLIAMS was and is a resident of Nye County, Nevada.

9. Plaintiff, KAREN WILLIAMS, was a qualified/eligible "employee" of Defendants within the meaning of the Americans with Disabilities Act, (42 USC §12112, et seq.) (hereinafter, "ADA") and NRS Chapter 608.

//

**DEFENDANTS**

10. Upon information and belief, Defendant UNIVERSAL HEALTH SERVICES, INC. is and was a Delaware corporation doing business in Nevada and employs 15 or more employees and is an "employer" within the meaning of the American with Disabilities Act and related claims under Nevada law.

11. Defendant UHS OF DELEWARE, INC. is a foreign corporation authorized to do business in Nevada and employs 15 or more employees and is an "employer" within the meaning of the American with Disabilities Act and related claims under Nevada law.

12. Upon information and belief, Defendant UHS OF DELEWARE, INC. is a subsidiary of Defendant UNIVERSAL HEALTH SERVICES, INC.

13. Defendant UNIVERSAL HEALTH SERVICES, INC. and/or Defendant UHS OF DELEWARE, INC. (hereinafter referred to together as "Defendants" or "UHS") have one or more locations in which they operate business in the State of Nevada, including but not limited to, Desert View Hospital, 360 Lola Ln., Pahrump, NV 89048.

14. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES I through X and ROE CORPORATIONS XI through XX, inclusive. The Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained.

**STATEMENT OF FACTS**

15. Plaintiff worked for UHS from March 31, 2016 to September 18, 2018 at Desert View Hospital as an Admitting Clerk.

16. UHS owns, operates, controls, and dictates policy and procedures for Desert View Hospital. At all relevant times, Defendants acted as one and the same entity and are joint employers.

//

17. On or about March 31, 2016, Plaintiff began working as an Admitting Clerk for UHS at Desert View Hospital.

18. In November of 2017, Plaintiff was diagnosed with a heart condition that constitutes a "disability" under the ADA and applicable Nevada law.

19. After her diagnosis, Plaintiff informed UHS of her disability.

20. Thereafter, Plaintiff's disability began to interfere with her ability to perform her job duties on occasion. Specifically, Plaintiff's heart condition required her to miss time at work.

21. Plaintiff requested reasonable accommodation be made to allow her to continue to perform her work duties, i.e. she requested time off from work.

22. UHS subjected Plaintiff to harassment due to her disability.

23. UHS refused Plaintiff accommodation for her disability.

24. UHS refused to enter the interactive process with Plaintiff in an effort to address Plaintiff's disability.

25. Ultimately, on September 18, 2018, UHS terminated Plaintiff because of her disability.

26. Plaintiff was an hourly employee of UHS and was being paid $11.36 per hour.

27. Throughout Plaintiff's employment at Desert View Hospital, Plaintiff was subjected to "working breaks" without compensation. UHS regularly required Plaintiff to work during or entirely through her legally mandated breaks. Plaintiff was required to clock out for these "working breaks" but was required to continue working. UHS never compensated Plaintiff for these "working breaks" in violation of NRS §608.016.

**COUNT I**
**DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 *et seq.***
**(Against All Defendants)**

28. Plaintiff hereby incorporates paragraphs 1 through 27 of this Complaint as though fully set forth herein.

//

29. The Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." (42 U.S.C. §12112).

30. Plaintiff had a disability within the meaning of the Americans with Disabilities Act ("ADA"). A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

31. Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment, Plaintiff satisfied the requisite skill, experience, education and other job-related requirements of the employment position and could perform the essential functions of the position, with or without reasonable accommodations.

32. Specifically, Plaintiff's condition was a physiological condition that substantially limited Plaintiff in the major life activities of, inter alia, carrying out her job duties for her employer.

33. Due to her actual and/or perceived disability, Plaintiff required a reasonable accommodation to assist her with fulfilling her employment obligations. Such reasonable accommodations were available and would not have constituted an undue hardship on the operation of Defendants' business.

34. Plaintiff's disability, and/or record of a disability, and/or perceived disability were the reason for and/or a substantial motivating factor that made a difference in Defendants' decision not to provide accommodation and ultimately to terminate her.

35. Defendants never engaged in the interactive process with Plaintiff to evaluate and determine whether or to what degree she needed additional accommodations.

36. The actions of Defendants were malicious, intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

37. As a direct and proximate result of Defendants' violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

38. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

39. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT II**
**DISABILITY DISCRIMINATION – RETALIATION**
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*
**(Against All Defendants)**

40. Plaintiff hereby incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. Plaintiff was subjected to the adverse employment action described herein because she requested a reasonable accommodation. Defendants reacted by depriving her of her rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by terminating her employment.

42. Plaintiff was subjected to the adverse employment action described herein because of her disability and/or her requests for accommodation and the adverse employment action would not have occurred but for that disability and/or request for accommodation.

43. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress.

//

44. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

45. Defendants' intentionally, voluntarily, deliberately, and willfully discriminated against Plaintiff by depriving of or interfering with Plaintiff's rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 *et. seq.*).

46. Plaintiff's disability was either the sole reason or a substantial motivating factor for Defendants' decision to adversely affect her employment and ultimately discharge her.

47. Defendants, through their agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendants as described above, thereby ratifying the unlawful conduct of its agents or supervisors.

48. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

49. Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT III**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**
**IN VIOLATION OF NRS 608.016 and NRS 608.140**
**(Against All Defendants)**

50. Plaintiff hereby incorporates paragraphs 1 through 49 of this Complaint as though fully set forth herein.

51. NRS 608.140 provides that any employee has a private right of action for unpaid wages.

52. Pursuant to NRS 608.016, an employer shall pay to the employee wages for each hour the employee works.

53. Plaintiff worked at UHS for approximately 76 weeks and approximately 5 days per week. In other words, a total of approximately 380 days.

54. UHS required Plaintiff to clock out in the middle of her shift every day for one hour for lunch but required Plaintiff to keep working off the clock for this period without actually providing her a lunch break.

55. UHS failed to pay Plaintiff for an hour of work during each of those 380 days in violation of NRS 608.016. In other words, UHS failed to pay Plaintiff for 380 hours of work.

56. Plaintiff's hourly rate was $11.36.

57. Thus, UHS continues to owe and continues to refuse to pay Plaintiff in the estimated amount of $4,316.80 in unpaid wages for work performed and completed.

58. PLAINTIFF requests relief as described in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Karen Williams, prays that this Court grant the following relief:

A. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;

B. Compensatory Damages in accordance with 42 U.S.C. §1981, 42 U.S.C. §1201, 29 U.S.C. §2601, and other applicable statutes;

C. Reasonable attorneys' fees pursuant to 42 U.S.C. §1981, 42 U.S.C. §1201, 29 U.S.C. §2601 and other applicable statutes;

D. Punitive Damages;

E. Costs of suit incurred herein; and

F. Such other and further relief as the court deems just and proper

DATED this 30th day of September, 2019.　　　　　WATKINS & LETOFSKY, LLP

By:   */s/ Daniel R. Watkins*
　　　―――――――――――――――
Daniel R. Watkins
Joseph M. Ortuno
8215 S. Eastern Avenue, Suite 265
Las Vegas, NV 89123
Office: (702) 901-7553;
Fax: (702) 974-1297
Attorneys for Plaintiff

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 30th day of September, 2019.          WATKINS & LETOFSKY, LLP

                                        By:    */s/ Daniel R. Watkins*
                                               _____
                                               Daniel R. Watkins
                                               Joseph M. Ortuno
                                               8215 S. Eastern Avenue, Suite 265
                                               Las Vegas, NV 89123
                                               Office: (702) 901-7553
                                               Fax: (702) 974-1297
                                               Attorneys for Plaintiff,

**COMPLAINT**

-9-